UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSCHIER ADVOKATBYRÅ AB and SKANDINAVISKA ENSKILDA BANKEN AB, | 18 Civ. __3967____ |
| *Plaintiffs*, | JURY TRIAL DEMANDED |
| v. | **COMPLAINT** |
| S. CARTER ENTERPRISES, LLC, | |
| *Defendant*. | |

Plaintiffs Roschier Advokatbyrå AB ("Roschier") and Skandinaviska Enskilda Banken AB ("SEB"), in support of their Complaint against Defendant S. Carter Enterprises, LLC ("Carter Enterprises"), allege and state the following:

## NATURE OF THIS ACTION

1.      Roschier and SEB bring this action for breach of contract and related claims because Carter Enterprises has failed to pay them a combined outstanding balance of approximately $598,383.00, excluding interest, for professional services.

2.      Carter Enterprises is wholly owned by Shawn C. Carter, an entertainer and businessperson popularly known as "Jay Z," who is one of the wealthiest entertainers in the world.  In March 2015, acting through Carter Enterprises and other companies, Jay Z purchased Scandinavian company Aspiro AB, the owner of a digital music service called Tidal (the "Tidal deal").  The Tidal deal, reported widely in the press, gave Jay Z "a foothold in the rapidly

expanding world of streaming music and put him in competition with major players like Apple and Spotify."[1]

3.      Since March 2015, Jay Z has co-owned and operated Tidal as a subscription-based streaming digital music service.  Tidal's co-owners includes such household names as Jay Z's wife Beyoncé, Rihanna, Lil Wayne, Nicki Minaj, and Madonna.  Jay Z has claimed—perhaps exaggerating, according to press accounts—that Tidal has as many as 3 million subscribers.[2]  Whatever the size of its subscriber base, Tidal appears to be a successful business, having just last year sold a 33-percent stake to telecommunications provider Sprint at a $600 million valuation for the business as a whole.[3]

4.      Jay Z and Tidal's co-owners have been described as "the 1 percent of pop music," artists who "do not answer to corporations."[4]  Alas, that approach apparently extends to Carter Enterprises' bills for the services that facilitated Jay Z's ownership of Tidal.

5.      Carter Enterprises retained both Roschier and SEB, respectively a premier Scandinavian law firm and financial institution, to work on the Tidal deal.  Under the terms of their respective retention agreements with Carter Enterprises, Roschier and SEB performed

---

[1] Ben Sisario, *Jay Z Bids for a Swedish Streaming Company to Expand His Empire*, N.Y. Times, Jan. 30, 2015.

[2] Micah Singleton, *Tidal May Have Been Inflating Its Subscriber Numbers*, The Verge (Jan. 20, 2017, 11:55 AM), https://www.theverge.com/2017/1/20/14336218/tidal-subscriber-numbers-inflating-report.

[3] Maya Kosoff, *Jay Z's Once-Mocked Tidal Is Now Worth $600 Million*, Vanity Fair (Jan. 24, 2017, 1:42 PM), https://www.vanityfair.com/news/2017/01/jay-z-just-received-a-huge-new-investment-valuing-tidal-at-600-million.

[4] Sam Sanders, *Jay Z's Music Service, Tidal, Arrives With A Splash, And Questions Follow*, Nat'l Pub. Radio (Mar. 31, 2015, 5:31 PM), https://www.npr.org/sections/therecord/2015/03/31/396634244/jay-zs-music-service-tidal-arrives-with-a-splash-and-questions-follow.

valuable services for Carter Enterprises that helped bring the Tidal deal to fruition.  Carter
Enterprises accepted and benefited from those services, without complaint or dispute, but has
failed to pay for them as promised.

6.      As a result of Carter Enterprises' failure to pay, Roschier is owed no less than
SEK 2,401,454.38 (approximately $294,000, excluding interest), and SEB is owed no less than
$304,383.00 (excluding interest).

**PARTIES**

7.      Plaintiff Roschier is a Swedish private limited liability company with its principal
place of business in Stockholm, Sweden.  Roschier is one of the preeminent law firms in
Scandinavia, with offices in Stockholm and Helsinki.

8.      Plaintiff SEB is a Swedish public company with its principal place of business in
Stockholm, Sweden.  SEB is a global financial institution with offices in Europe, as well as in
New York and Asia.

9.      Defendant Carter Enterprises is a Delaware limited liability company with its
principal place of business at 1411 Broadway, 39th Floor, New York, NY 10018.  The sole
member of Carter Enterprises is Shawn C. Carter, who on information and belief is a citizen of
California.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C.
§ 1332(a)(2) because this civil action is between a citizen of New York and citizens of a foreign
state and the amount in controversy is greater than $75,000.

11.     This Court also has personal jurisdiction over Carter Enterprises under N.Y.
C.P.L.R § 302 because it (i) transacts business within New York, where its principal place of
business is located; and (ii) owns, uses, or possesses real property situated in New York.

12.     Venue in this district is proper under 28 U.S.C. §§ 1391(b)(1) & (2) because Carter Enterprises has its principal place of business in this jurisdiction and because a substantial part of the events or omissions giving rise to the claims herein occurred within this district.

## FACTUAL BACKGROUND

A.     **Carter Enterprises Agreed to Pay Roschier and SEB for Services.**

13.     In late 2014, Carter Enterprises retained Roschier and SEB to represent Carter Enterprises in connection with the Tidal deal.

14.     Roschier provided Carter Enterprises with a fee and cost projection for the legal work to be done, stating that it would issue monthly invoices—to be settled within 14 days—and that any past due amounts would accrue interest.  Carter Enterprises accepted those terms.

15.     Carter Enterprises and SEB entered into an agreement under which SEB would act as financial advisor and handling and settlement agent to Carter Enterprises or its designee for the Tidal deal.  The agreement specified the fees SEB would earn for its work, and provided that SEB would be reimbursed for costs and expenses.  Carter Enterprises accepted those terms.

B.     **Roschier and SEB Performed Valuable Services for Carter Enterprises.**

16.     The Tidal deal went forward successfully, due in no small part to the efforts of Roschier and SEB, and closed in March 2015.

17.     Under the terms of their respective agreements with Carter Enterprises, Roschier and SEB devoted extensive labor and resources to the Tidal deal through closing, and Roschier provided additional post-completion services through April 2016.

18.     Carter Enterprises—and Jay Z, as a practical matter—accepted and benefited from those services, and raised no dispute concerning the work performed.

**C.**     **Carter Enterprises Failed to Pay Roschier and SEB as Agreed.**

19.     Both Roschier and SEB issued invoices for their fees and costs related to the Tidal deal.  Under the terms of the parties' agreements, those invoices were payable by Carter Enterprises.  To date, however, Carter Enterprises has failed to make full payment.

20.     In March 2015, at the request of Carter Enterprises, Roschier issued a statement for 1,412 hours of legal work and expenses related to the Tidal deal in the total amount of SEK 5,479,544 (approximately $629,000).  Carter Enterprises promised to pay that invoice at closing, and has never disputed the amount billed.

21.     In or around May 2015, Roschier issued an additional invoice for post-completion services relating to the Tidal deal.  Carter Enterprises has never disputed the amount billed.

22.     Carter Enterprises made partial payments to Roschier—in May and September 2015—but a balance of SEK 2,401,454.38 remains (approximately $294,000, excluding interest).

23.     SEB likewise issued a March 2015 invoice for its work on the Tidal deal.  The invoice sought $785,894.00 in fees, costs, and expenses as specified in SEB's agreement with Carter Enterprises.  Carter Enterprises has never disputed the amount billed.

24.     Carter Enterprises made partial payments to SEB—in September and December 2015—but a balance of $304,383.00 remains (excluding interest).

**D.**     **Carter Enterprises Has Repeatedly Acknowledged Its Debts to Roschier and SEB.**

25.     Carter Enterprises has never disputed its respective debts to Roschier and SEB. To the contrary, Carter Enterprises has acknowledged and promised to pay both debts in full.

26.     Roschier has sent numerous written reminders to Carter Enterprises and its representatives requesting payment—including in April and September 2015, and April 2016.  In response, Carter Enterprises never disputed the amounts owed to Roschier, repeatedly acknowledged the validity of Roschier's invoices, and stated Carter Enterprises' intention to pay

them.  For example, in a September 2015 email, Carter Enterprises' Chief Operating Officer, Desiree Perez, stated that Carter Enterprises intended not only to pay Roschier in full for its work on the Tidal deal, but also to keep Roschier retained as counsel.

27.     SEB has also sent numerous written reminders to Carter Enterprises and its representatives requesting payment—including in October and November 2015; April and June 2016; and February 2017.  In response, Carter Enterprises never disputed the amounts owed to SEB, repeatedly acknowledged the validity of SEB's invoices, and stated Carter Enterprises' intention to pay them.

28.     On March 8, 2018, Plaintiffs' counsel sent a final demand letter to Ms. Perez on behalf of both Roschier and SEB.  Plaintiffs' counsel offered to discuss this matter directly with Jay Z if it would help resolve his wholly-owned company's failure to pay its undisputed debts. To date, Roschier and SEB have received no response from Ms. Perez, Jay Z, or Carter Enterprises.

## COUNT ONE
## Breach of Contract

29.     Plaintiffs repeat and reallege each of the preceding paragraphs.

30.     Plaintiffs each entered into an agreement with Carter Enterprises under which Carter Enterprises would compensate Plaintiffs for their respective fees, costs, and expenses in connection with the Tidal deal and related matters.

31.     Plaintiffs performed their obligations under those agreements and sent Defendant invoices for their resulting fees, costs, and expenses.

32.     Defendant has failed to make full payment on those invoices.

33.     Plaintiff Roschier has suffered injury as a direct and proximate cause of Defendant's unlawful actions, including but not limited to the loss of not less than SEK

6

2,401,454.38 (approximately $294,000) plus interest.  As a result of the conduct alleged herein, Defendant is liable to Plaintiff Roschier for that amount.

34.      Plaintiff SEB has suffered injury as a direct and proximate cause of Defendant's unlawful actions, including but not limited to the loss of not less than $304,383.00 plus interest. As a result of the conduct alleged herein, Defendant is liable to Plaintiff SEB for that amount.

## COUNT TWO
## Unjust Enrichment

35.      Plaintiffs repeat and reallege each of the preceding paragraphs.

36.      Defendant requested and knowingly received professional services from Plaintiffs in connection with the Tidal deal and related matters.

37.      Defendant knew how much Plaintiffs charged for those services when it requested them.

38.      Defendant has made no claim that Plaintiffs' services were defective or otherwise unsatisfactory.  To the contrary, Defendant has acknowledged its obligation to pay Plaintiffs.

39.      By failing to pay for the services that Plaintiffs rendered to Defendant, Defendant was enriched at Plaintiff's expense.

40.      As a direct and proximate result of Defendant's failure to pay its account, Plaintiff Roschier has been damaged in an amount to be determined at trial, but in no event less than SEK 2,401,454.38 (approximately $294,000) plus interest.

41.      As a direct and proximate result of Defendant's failure to pay its account, Plaintiff SEB has been damaged in an amount to be determined at trial, but in no event less than $304,383.00 plus interest.

42.      Equity and good conscience dictate that Plaintiffs be reimbursed for their services with interest.

7

## COUNT THREE
### Account Stated

43.     Plaintiffs repeat and reallege each of the preceding paragraphs.

44.     Defendant has acknowledged its respective debts to Plaintiffs on numerous occasions and promised payment.

45.     Defendant has made partial payments to satisfy its outstanding debts.  Plaintiff Roschier received the last such payment in October 2015.  Plaintiff SEB received the last such payment in December 2015.

46.     Defendant has never contested the amounts due to Plaintiffs for their services after receiving any invoice or the multiple written reminders from Plaintiffs seeking payment.

47.     Defendant failed to pay in full its outstanding debts to Plaintiffs.

48.     As a direct and proximate result of Defendant's failure to pay its account, Plaintiff Roschier has been damaged in an amount to be determined at trial, but in no event less than SEK 2,401,454.38 (approximately $294,000) plus interest.

49.     As a direct and proximate result of Defendant's failure to pay its account, Plaintiff SEB has been damaged in an amount to be determined at trial, but in no event less than $304,383.00 plus interest.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Roschier and SEB request judgment against Defendant for:

a)      compensatory damages to Plaintiff Roschier in the amount of SEK 2,401,454.38 (approximately $294,000);

b)      compensatory damages to Plaintiff SEB in the amount of $304,383.00;

c)      pre- and post-judgment interest;

d)      costs, fees, and other expenses; and

e)      any other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: New York, New York        **DEWEY PEGNO & KRAMARSKY LLP**
        May 3, 2018

                                 By: /s/ David S. Pegno
                                 Thomas E.L. Dewey (TD-6243)
                                 David S. Pegno (DP-7428)
                                 Anders W. Pauley (AP-1863)
                                 777 Third Avenue – 37th Floor
                                 New York, New York 10017
                                 Telephone: (212) 943-9000
                                 Facsimile:  (212) 943-4325
                                 E-mail:  tdwey@dpklaw.com
                                         dpegno@dpklaw.com
                                         apauley@dpklaw.com

                                 *Attorneys for Plaintiffs Roschier*
                                 *Advokatbyrå AB and Skandinaviska*
                                 *Enskilda Banken AB*